# Smith, Appellant, *v.* Philadelphia Traction Company.

*Negligence—Street railways—Master and servant—Sanding tracks.*

A street railway company cannot be charged with negligence in giving up the use of sand boxes on its cars because the wheels of the cars had been flattened by that method of sanding the tracks, and substituting another. system by which a man was placed on the tracks with sand to use where needed, where there is no evidence whatever that the new system was not efficient, or that it was accompanied with danger. If under the new system the man in charge of the sand neglects to place the sand on the track, and an employee of the company is injured, the injury is due to the negligence of a fellow servant, and the injured man cannot recover from the company.

*Evidence—Cross-examination—Negligence—Street railways.*

While it is true that cross-examination should be confined to the matters upon which a witness is examined in chief, and a defendant will not be permitted to bring out new matter constituting his defense by cross-examining the plaintiff's witnesses, yet it is equally true that, when the cross-examination is germane to what is inquired into in chief, or tends to elicit facts which the plaintiff ought to have brought out as part of the case, and which the court and jury should have known from him and his witnesses, the defendant should be allowed to develop what is withheld intentionally, or otherwise.

In an action by a conductor against an electric railway company, his employer, to recover damages for personal injuries, where a witness testifies that the accident was caused by reason of the fact that the company had removed sand boxes from the cars, and had refused to supply sand on the cars, the defendant may be permitted on cross-examination of the witness to show that the company after abandoning the use of sand boxes on the cars had substituted another system by which a man was put on the tracks to place sand on the streets wherever needed.

Argued Jan. 20, 1902.   Appeal, No. 195, Jan. T., 1901, by plaintiff, from order of C. P. No. 4, Phila. Co., June T., 1896, No. 60, refusing to take off nonsuit in case of Jacob Y. Smith v. Philadelphia Traction Company.   Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before AUDENRIED, J.

The facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit, and in permitting defendant to introduce its defense upon cross-examination of plaintiff's witness.

*E. Clinton Rhoads*, with him *Frank B. Ellis*, for appellants.— Defendant was negligent in failing to supply proper appliances in known and ordinary use for the purpose of enabling its motorman to properly control its cars under the circumstances shown in this case : Titus v. Bradford, etc., R. R. Co., 136 Pa. 618 ; Rummel v. Dilworth, 131 Pa. 509 ; Honifius v. Chambersburg Engineering Co., 196 Pa. 47 ; Schenkel v. Pittsburg, etc., Traction Co., 194 Pa. 182 ; Folk v. Schaeffer, 186 Pa. 253 ; Bannon v. Lutz, 158 Pa. 166 ; Cougle v. McKee, 151 Pa. 602 ; Glossen v. Gehman, 147 Pa. 619 ; Tennessee Coal, Iron & Ry. Co. v. Currier, 108 Fed. Repr. 19 ; Mexican Cent. Ry. Co. v. Glover, 107 Fed. Repr. 356 ; Kehler v. Schwenk, 151 Pa. 505 ; Tissue v. Baltimore, etc., R. R. Co., 112 Pa. 91 ; Lederman v. Penna. R. R. Co., 165 Pa. 118 ; Penna. R. R. Co. v. Henderson, 51 Pa. 315 ; West Chester & Phila. R. R. Co. v. McElwee, 67 Pa. 311 ; McKee v. Bidwell, 74 Pa. 218.

The evidence in this case was sufficient to justify the jury in inferring that the defendant was negligent, and the case, consequently, should have gone to the jury.

The defendant was erroneously permitted to introduce his case during the cross-examination of plaintiff's witnesses : Sullivan v. New York, etc., R. R. Co., 175 Pa. 365 ; Thomas v. Loose, 114 Pa. 47 ; Patterson v. Pittsburg & Connellsville R. R. Co., 76 Pa. 389 ; Longenecker v. Penna. R. R. Co., 105 Pa. 328 ; Hughes v. Westmoreland Coal Co., 104 Pa. 207 ; Fulton v. Central Bank of Pittsburg, 92 Pa. 112 ; Hopkinson v. Leeds, 78 Pa. 396 ; Corkery v. O'Neill, 9 Pa. Superior Ct. 335 ; Irvin v. Irvin, 142 Pa. 271 ; Monongahela Water Co. v. Stewartson, 96 Pa. 436.

*Thomas Leaming*, with him *Russell Duane*, for appellee.— There was no evidence of negligence : Cunningham v. Fort Pitt Bridge Works, 197 Pa. 625 ; Ford v. Anderson, 139 Pa.

261; Delaware River Iron-Ship Building Works v. Nuttall, 119 Pa. 149; Titus v. Bradford, etc., R. R. Co., 136 Pa. 618; Moules v. Delaware, etc., Canal Co., 141 Pa. 632; Philadelphia Iron & Steel Co. v. Davis, 111 Pa. 597.

OPINION BY MR. JUSTICE BROWN, February 24, 1902:

The appellant was a conductor on one of the cable cars of the Philadelphia Traction Company. While standing on the rear platform of his car, on March 1, 1895, an electric car of the same company, coming down Lancaster avenue, in the city of Philadelphia, collided with it at that avenue's oblique intersection with Thirty-second and Market streets. There is a descending grade on Lancaster avenue to this point of intersection, and the negligence charged to the appellee was its failure to have on the Lancaster avenue car the proper appliance for sanding the track. It was proven that, on the morning of the day of the accident, there had been a drizzling rain, and the rails, at the time of the collision, were slippery. The plaintiff testified that on his car there was a sand box, but the motorman of the car that ran into it stated that the use of sand boxes had been discontinued for some days on the cars running on Lancaster avenue; that he was not able to control his car without sand; that he had asked for it, but the division superintendent had refused to give it to him; that he had told that officer that he could not control the car without it; that he had always been able to control the car with it, and that he could have controlled it at the time of the accident, if he had had sand. If this were all that was developed, the question of the company's negligence would clearly have been for the jury; but the motorman further stated that, about two weeks before the accident, the system of sand boxes on the cars had been abolished by the company, because the wheels of the cars had been flattened by that method of sanding the tracks, and another was substituted for it. By the substituted system, sand was placed on the streets; a man put it on the tracks wherever needed, and one had charge of sanding them at Thirty-second and Market streets, where the collision occurred. The motorman had come down the same hill three times before on the day of the accident without any trouble whatever.

The substitution of this new system of sanding the rails was,

in itself, no evidence of negligence by the appellee. There is no presumption of negligence; the presumption is always otherwise, and, in this case, it can be fairly presumed that the traction company, in adopting what it conceived to be a better system of sanding its tracks, relinquished none of the care it was bound to observe in the operation of its lines. It continued to guard against danger resulting from slippery tracks by continuing to sand them, and, without proof that the change in the mode of doing so was improper, the jury ought not to have been allowed to guess that it was. The burden was upon the plaintiff to prove the negligence complained of—failure to use proper means for sanding the tracks. No proof of such negligence appears. Other means may have been used that made the slippery tracks safe, but the mere adoption of new ones, in the utter absence of proof, or even an offer to prove, that they were not efficient, or that their use was accompanied with danger, was no evidence of carelessness by the employer towards its employee; and yet, for such adoption, and nothing more that can be found in the testimony, the appellant contends that a jury could have fairly found the appellee guilty of negligence. "The party charging negligence does not show it by showing that the machinery was not in common use. If it should be so held, the use of the newest and best machinery if not yet generally adopted, could be adduced as evidence of negligence. Our attention has been drawn recently to a tendency to this misapplication of the principle, on the part of counsel, and even the courts:" Cunningham v. Fort Pitt Bridge Works, 197 Pa. 625. It may be that the rails were not properly sanded by the man whose duty it was to sand them, but that would be evidence only of his negligence—a fellow servant of the injured man—and not that the system itself was faulty or unsafe.

It is urged, however, that the adoption of this new system was brought out on the cross-examination of the motorman, and that it was error in the court below to allow the defendant to so develop what was a matter of defense. It is true, cross-examination should be confined to the matters upon which the witness is examined in chief, and a defendant will not be permitted to bring out new matter constituting his defense by cross-examining the plaintiff's witnesses; but it is equally true that, when the cross-examination is germane to what is inquired

into in chief, or tends to elicit facts which, as in this case, the plaintiff ought to have brought out as part of the case, and which the court and jury should have known from him and his witnesses, the defendant should be allowed to develop what is withheld intentionally or otherwise. Even if, in one sense, it was new matter, yet, in another point of view, it was but developing a part of the res gestæ, and this the defendant had a right to inquire into by cross-examination: Markley v. Swartzlander, 8 W. & S. 172. The question put on cross-examination was upon what was a material part of the res gestæ, and the omission of the witness who testified to mention the fact of another system of sanding, whether intentional or accidental, did not make it new matter belonging to the defense: McNeal v. Pittsburg, etc., Railway Company, 131 Pa. 184. "In any view, the right of cross-examination extends to all matters connected with the res gestæ:" Wharton's Law of Evidence, section 529. But, apart from this rule, the third and fourth assignments of error cannot be sustained. The questions asked the witness Dulin were not objected to, and the answers to those put to the plaintiff, having been in the negative, did him no harm.

The complaint of the appellant is, that the appellee did not properly sand its tracks, and, if there was nothing before us but the testimony in chief of the motorman, the conclusion would be that the tracks had not been sanded at all on the day of the accident, and that, at that time, no means were employed by the company to sand them. As a matter of fact, brought out by the defendant on cross-examination, it was then sanding them. Nothing could have been more pertinent than the cross-examination that developed this fact. It was clearly in the line of the examination in chief, which had been apparently to show that there was no sanding at all. The cross-examination was to bring out the whole truth by an admission from the witness that, instead of an abandonment of the sanding, it was simply done differently, under another system, on the day of the accident. There was nothing in the case upon which the learned court below could have submitted it to the jury, and the judgment is affirmed.