# Quigley, Appellant, v. Thompson.

*Evidence—Cross-examination—Scope of cross-examination.*

Cross-examination must be confined to matters stated in the examination in chief and independent matters of defense must not be introduced by it. Where matters of defense have been brought out by an improper cross-examination they should be considered as having been introduced by the defendant, and they cannot be considered by the court as ground for a compulsory nonsuit; but an incident of a transaction proved and circumstances connected with it, which qualify or destroy the effect of the testimony in chief may be brought out in cross-examination.

A party is entitled to bring out any circumstances relating to a fact which an adverse witness is called to prove.

*Negligence—Master and servant—Automobiles—Evidence—Cross-examination.*

In an action against the owner of an automobile to recover damages for personal injuries, where the chauffeur of the defendant is called by the plaintiff to show that he was in the employ of the defendant, and to identify the car, it is competent for the defendant on cross-examination to develop by the witness the fact that at the time of the accident he was using the machine in the prosecution of his own business and not in the business of his employer, and that in so doing he was acting contrary to the orders of his employer.

Argued Jan. 19, 1905. Appeal, No. 344, Jan. T., 1904, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1903, No. 3762, refusing to take off nonsuit in case of Daniel Quigley v. John W. Thompson. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BEITLER, J.

At the trial it appeared that on April 17, 1903, plaintiff was injured at Broad and Brandywine streets in the city of Philadelphia by being struck by the defendant's motor car. Plaintiff called Florida, the chauffeur, to identify the machine and to show that he was employed by defendant. On cross-examination the witness was asked these questions, both of which were allowed :

(*a*) " When you testified that you were running that machine, between five and six, April 17, is it not a fact that you were operating that machine on your own business and contrary to the instructions of John W. Thompson ? "

(*b*) " I asked you whether, in point of fact, you were operating contrary to orders of John W. Thompson ? "

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Errors assigned* were (1) refusal to take off nonsuit ; (2) rulings on evidence, not quoting the bill of exceptions.

*Theo. Cuyler Patterson*, with him *Leroy N. King* and *Duncan L. Buzby*, for appellant, cited as to the cross-examination : Longenecker v. Penna. R. R. Co., 105 Pa. 328 ; Helser v. McGrath, 52 Pa. 531 ; Jackson v. Litch, 62 Pa. 451.

*George Quintard Horwitz*, with him *E. Wilbur Kriebel*, for appellee, cited as to the cross-examination : Bohan v. Avoca Borough, 154 Pa. 404; Connor v. Penna. R. R. Co., 24 Pa. Superior Ct. ,241; Osborne v. Walley, 8 Pa. Superior Ct. 193 ; Hunter v. Voigt, 8 Pa. Superior Ct. 484 ; McNeal v. Ry. Co., 131 Pa. 184; Jackson v. Litch, 62 Pa. 451 ; Glenn v. Traction Co., 206 Pa. 135; Bank v. Fordyce, 9 Pa. 275.

OPINION BY MR. JUSTICE FELL, March 6, 1905 :

The only question raised by this appeal that need be considered is whether the fact upon which a nonsuit was based was developed by an improper cross-examination of the plaintiff's witness. The action was to recover damages for injuries caused by being struck by the defendant's motor car. The plaintiff called as his witness the chauffeur who at the time of the accident was operating the car, and examined him at length to show that at that time he was in the employ of the defend-

ant, and to identify the car by proof of its number, size, equipments and general appearance.   On cross-examination this witness was asked whether at the time of the accident he was not using the car for his own purposes and in violation of the orders of the defendant.   He answered under objection : "I was operating the machine for my own personal use on an errand for myself.   Mr. Thompson did n't know anything about it whatever.   I had no orders from him.   I took it out, breaking one of the rules, which I had no business to do."

While the general principles applicable to the subject are clearly defined, it is in practice often difficult to determine the exact limits of proper cross-examination.   Its range must of necessity rest largely in the discretion of the trial judge. Cross-examination must be confined to matters stated in the examination in chief and independent matters of defense must not be introduced by it.   Where matters of defense have been brought out by an improper cross-examination they should be considered as having been introduced by the defendant, and they cannot be considered by the court as ground for a compulsory nonsuit : Hughes v. Westmoreland Coal Co., 104 Pa. 207 ; Sullivan v. New York, etc., Railroad Co., 175 Pa. 361. But an incident of a transaction proved and circumstances connected with it, which qualify or destroy the effect of the testimony in chief, may be brought out in cross-examination : Bank v. Fordyce, 9 Pa. 275 ; Jackson v. Litch, 62 Pa. 451 ; McNeal v. Pittsburg, etc., Railway Co., 131 Pa. 184 ; Glenn v. Phila., etc., Traction Co., 206 Pa. 135.   In the former case it was said by GIBSON, C. J. : " A party is entitled to bring out any circumstances relating to a fact which an adverse witness is called to prove."

The whole trend of the examination in chief of this witness was to establish facts and circumstances which would make the defendant answerable on the ground that the negligence alleged was that of his servant acting within the scope of his employment.   It was competent in cross-examination to develop by the witness the fact, which qualified his testimony, that at the time of the accident he was using the machine in the prosecution of his own business and not in the business of his employer.

The judgment is affirmed.