# Brady, Appellant, v. Phillips.

*Assault and battery—Civil suit for damages.*

In an action to recover damages for personal injuries sustained by reason of an alleged assault committed by the defendant upon the plaintiff, the plaintiff cannot complain of the admission of evidence to the effect that the plaintiff was a drinking woman prior to the time of the assault, if it appears that the trial judge at the request of plaintiff's counsel instructed the jury to disregard such evidence, and that the other evidence in the case was sufficient to justify a verdict against the plaintiff without reference to the objectionable testimony.

Argued April 27, 1915. Appeal, No. 184, April T., 1915, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1913, No. 418, on verdict for defendant in case of Bridget Brady v. Mary Phillips. Before RICE, P. J.,

ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.
Affirmed.

Trespass to recover damages for personal injuries resulting from assault and battery.

Plaintiff in her statement of claim averred that she was a servant in the employ of the defendant who kept a boardinghouse; that on the evening of November 11, 1912, the defendant wilfully, negligently and maliciously took the plaintiff by the shoulders and threw her to the floor, causing the head of the said plaintiff to strike against the corner of an ice box and causing the right hip of the plaintiff, when striking the floor, to become injured and ligaments torn; that the injuries received by the plaintiff above named were in no way caused by any negligence on the part of the plaintiff, and that as a result of said injuries she was confined in the hospital for some weeks, and has suffered great pain and was permanently injured.

The defense was that the plaintiff was drunk at the time of the occurrence complained of in the statement, and that her injuries resulted therefrom, and not from any act of the defendant.

When plaintiff was on the stand, she was asked this question:

Q. Do you know what whiskey tastes like?

A. I have seen it but I have never drank it.

Q. Never tasted whiskey?

By Mr. Eckles:

I object to this line of examination. It is irrelevant, and asked for the purpose of disputing it on the part of the defense; and if so, is fatal error in the case and would be grounds for awarding a new trial.

Objection overruled.

Exception noted.  (1)

(Question read.)

A. No, sir.

When the defendant was on the stand she was asked this question: 

Q. Before this time, Mrs. Phillips, had she been in an intoxicated condition?

By Mr. Eckles:

Objected to as irrelevant.

Objection overruled.

Exception noted.   (2)

Q. Was Miss Brady a drinking woman before this time?

A. Yes; I checked her two or three times from going into saloons on Saturday night with that little girl.

Q. Well, was she a drinking woman?

A. Yes, sir, she drank?

Joseph Kelley was asked this question:

By Mr. Grimes:

Q. Mr. Kelley, Bridget Brady says she never was in a saloon.  Is that true?

By Mr. Eckles:

I object to this as irrelevant and incompetent.

Objection overruled.

Exception noted.   (3)

Verdict and judgment for defendant.   Plaintiff appealed.


*Errors assigned* were (1-3) rulings on evidence quoting the bill of exceptions.


*A. J. Eckels,* for appellant.


*William D. Grimes,* for appellee.


OPINION BY HENDERSON, J., July 21, 1915:

The three assignments of error relate to the admission of testimony bearing on the plaintiff's habit of drinking. That part of the evidence set forth in the first assignment was unobjectionable in view of the testimony by the plaintiff that she was offered something to drink

after she received the injury of which she complained but that she did not know what it was. The testimony in chief on the subject opened the door for cross-examination to test the credibility of the witness, and the court could exercise a discretion under the circumstances in regard to the extent of the examination: Smith v. Philadelphia Traction Company, 202 Pa. 54. All of the testimony set forth in the second and third assignments was withdrawn from the consideration of the jury at the close of the charge at the request of the plaintiff's counsel who asked the court to instruct the jury that any evidence with reference to the plaintiff's habit as a drinking woman at any other time than when the difficulty occurred should not be considered by the jury. To this the court replied: "Yes, I am glad you gave me an opportunity to say this. Whatever the habit or custom of this woman in the matter of drinking before the evening of this occurrence may have been has nothing to do with the case. What her condition was that particular evening in reference to this habit may be taken into consideration by you." The charge was short, the facts were not complicated and there could have been no misapprehension on the part of the jury as to what the court meant. The direction was specific, clear and comprehensive. All that was said by the two witnesses tending to show that they had seen the plaintiff drinking on two or three occasions before the time of the trouble between the plaintiff and the defendant was plainly withdrawn from the case. The testimony offered by the plaintiff was so strongly contradicted on all material points that there is little ground for the conclusion that the objectionable testimony prejudiced her case in any view of it. Plaintiff's counsel instead of moving to strike out the evidence asked the court to give the instruction to the jury to disregard it. This we think met all the requirements of the particular situation and left the case fairly to the jury on the real controversy whether the defendant struck the plaintiff and

knocked her down with the consequent injury set forth in the declaration. The case was fully heard and the evidence was not of a character which required elaborate instruction or perplexing investigation. We are not persuaded that there is any substantial ground of complaint.

The judgment is affirmed.