## Reibstein, Appellant, *v.* Abbott's Alderney Dairies.

*Negligence—Evidence—Cross-examination.*

In a negligence case a nonsuit is properly entered, where the only witness of the accident, the defendant's driver, is called by the plaintiff to testify to certain facts relating to the accident, and upon cross-examination by defendant's counsel gives a more full account of the accident, from which it appears that no negligence could be charged upon the defendant. Such cross-examination is entirely proper.

Argued March 26, 1919. Appeal, No. 303, Jan. T., 1919, by plaintiff, from order of C. P. No. 2, Philadelphia Co., Dec. T., 1917, No. 4640, refusing to take off nonsuit in case of Dina Reibstein v. Abbott's Alderney Dairies. Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before ROGERS, J.

The court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

*Victor Frey,* with him *Augustus Trask Ashton,* for appellant, cited: Jackson v. Litch, 62 Pa. 451; Brunner v. American Telegraph, etc., Co., 151 Pa. 447; Parker v. Mathison Motor Car Co., 241 Pa. 461; Danko v. Pittsburgh Rys. Co., 230 Pa. 295; Tucker v. Pittsburgh, etc., Ry. Co., 227 Pa. 66; Ferry v. Phila. Rapid Transit Co., 232 Pa. 403.

*Owen J. Roberts,* of *Roberts, Montgomery & McKeehan,* for appellee, was not heard.

PER CURIAM, April 21, 1919:

On May 4, 1917, about 9:30 a. m., plaintiff's husband, Abraham Reibstein, while standing upon a public highway in the City of Philadelphia, at the rear end of a motortruck belonging to his father, was struck, knocked down and severely injured by a horse attached to one of defendant's delivery wagons; as a result, he subsequently died.

Defendant's driver, the only eyewitness of the accident, was called by plaintiff and asked as to his employment, the kind of horse and wagon he was driving, where Reibstein was standing, and what the latter was doing immediately before the collision; finally, this question was put: "And what part of your horse struck him"? To which he replied, "Collar." Counsel for defendant then proceeded, against plaintiff's objection, to elicit by cross-examination a more full account of the accident, to the effect that, just as the horse, which was being driven by the witness on a "tight line" and "under full control," came near the motortruck, another automobile unexpectedly swung around a street corner, immediately

ahead, and, in passing, the mudguard of this vehicle struck the horse on the shoulder, whereupon it "reared up and nearly touched the roof of the wagon......, and, as it came down, ran against Mr. Reibstein, striking ......and throwing him against the corner of the truck."

The cross-examination was entirely proper (Vautier v. Atlantic Refining Co., 231 Pa. 8, 14; Quigley v. Thompson, 211 Pa. 107; Glenn v. Phila. & West Chester Traction Co., 206 Pa. 135; Smith v. P. T. Co., 202 Pa. 54, 57, 58; Jackson v. Litch, 62 Pa. 451, 455-6), and, either with or without the testimony thus elicited, defendant's negligence was not shown; hence a nonsuit was justified, and the court below did not err in refusing to remove it.

Judgment affirmed.