## Albrecht *v.* Erie City, Appellant.

*Negligence—Municipalities—Slipping on sidewalk—Contributory negligence—Cross-examination—Right to cross-examine plaintiff—Evidence.*

1. In a negligence case against a city to recover damages for injuries sustained by a fall on a slippery sidewalk, where the plaintiff testifies that when he fell it was dark, and snow, which covered the sidewalk, prevented his seeing the ice, it is reversible error for the trial court to refuse to permit the cross-examination of the plaintiff for the purpose of developing from him the fact that he had been guilty of contributory negligence.

2. In such a case the plaintiff could keep nothing back within his own knowledge that barred his right to recover. If he did so, either voluntarily or by the failure of his counsel to develop it on

direct examination, the defendant's right was to call it forth on cross-examination, not as a matter of defense, but as part of the plaintiff's case, for the consideration of the court and jury, relieving the defendant from making any defense.

3. A plaintiff seeking· to recover damages for injuries alleged to have been sustained through the negligence of the defendant, must make out a case clear of contributory negligence.

Argued April 28, 1919. Appeal, No. 68, Jan. T., 1919, by defendant, from judgment of C. P. Erie Co., Sept. T., 1917, No. 151, on verdict for plaintiff in case of Frederick W. Albrecht v. City of Erie. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before WHITTELSEY, J.

Verdict and judgment for plaintiff for $2,317.50. Defendant appealed.

*Errors assigned* were (1, 2) in refusing to permit the cross-examination of the plaintiff.

*S. L. Gilson,* for appellant.—The court erred in refusing to permit cross-examination of the plaintiff: Bohan v. Avoca Borough, 154 Pa. 404; Kuhn v. Ligonier Valley R. R. Co., 261 Pa. 147; Heiss v. Lancaster, 203 Pa. 260; Smith v. Traction Co., 202 Pa. 54; McNeal v. Pittsburgh & W. Ry. Co., 131 Pa. 184; Matteson v. N. Y. C. & H. R. R. Co., 218 Pa. 527; Glenn v. Phila. & West Chester Traction Co., 206 Pa. 135; American Car & Foundry Co. v. Alexandria Water Co., 218 Pa. 542.

*S. Y. Rossiter,* for appellee.—The order of examination and cross-examination is much within the discretion of the judge at trial, but the latitude should not extend to give an undue advantage to one party: Helser v. McGrath, 52 Pa. 531; Jackson v. Litch, 62 Pa. 451; Hughes v. Westmoreland Coal Co., 104 Pa. 207.

OPINION BY MR. CHIEF JUSTICE BROWN, January 5, 1920:

The recovery by the plaintiff in the court below was for injuries sustained in falling on an icy sidewalk on Parade street, in the City of Erie. Under the testimony submitted, the negligence of the city and the contributory negligence of the plaintiff were for the jury; but the case must be retried for the refusal of the learned trial judge to permit counsel for defendant to cross-examine the plaintiff for the purpose of developing from him the fact that he had been guilty of contributory negligence.

A plaintiff seeking to recover damages for injuries alleged to have been sustained through the negligence of the defendant must make out a case clear of contributory negligence: Heiss v. Lancaster, 203 Pa. 260; Kuhn v. Ligonier Valley R. R. Co., 261 Pa. 147. In the case under consideration the plaintiff testified that when he fell it was dark, and snow, which covered the sidewalk, prevented his seeing the ice. Conceding that this testimony absolved him from the charge of contributory negligence, he may have withheld facts which he ought to have disclosed and which might have shown that he had not exercised proper care in attempting to pass over the sidewalk. It was, therefore, clearly competent for counsel for defendant to develop such facts on cross-examination: Smith v. Phila. Traction Co., 202 Pa. 54; Quigley v. Thompson, 211 Pa. 107; Reibstein v. Abbott's Alderney Dairies, 264 Pa. 447.

The plaintiff lived on Parade street, only a block from where he fell. He had lived there for three years, and, to develop from him not only his familiarity with the sidewalk, but his actual knowledge of its icy condition on the day he slipped and fell upon it, he was asked by counsel for defendant how he had gone to the point of the accident and how long he had been in the habit of traveling over the street. His answers to these questions, if they had been allowed, might have shown such knowledge by him of the dangerous condition of the street as

made it inexcusable for him to attempt to walk over it at the time he fell. The questions were disallowed, because the trial judge was of opinion that they related to matters upon which the witness had not been interrogated on his direct examination, and were attempts to introduce the defense by way of cross-examination. This ruling overlooked the fact that the city was not called upon to make any defense until the plaintiff had presented a case clear of contributory negligence; and on his direct examination he could not withhold any evidence tending to show that he had contributed to the accident by his own lack of care under the circumstances. Whatever, as to this, he failed to disclose, or was not developed on direct examination, it was the right of the defendant to elicit on cross-examination. He could keep nothing back within his own knowledge that barred his right to recover. If he did so, either voluntarily or by the failure of his counsel to develop it on direct examination, the defendant's right was to call it forth on cross-examination, not as a matter of defense, but as part of the plaintiff's case, for the consideration of the court and jury, relieving the defendant from making any defense.

The first and second assignments of error are sustained and the judgment is reversed with a venire facias de novo.