# Felski, Appellant, *v.* Zeidman.

*Negligence—Automobiles—Ownership—Sign on wagon — Presumption—Evidence of plaintiff's witness called as on cross-examination—Res gestæ—Nonsuit.*

1. In an action against an owner of a motor truck for death, there can be no recovery where witnesses called by plaintiff testify without contradiction that the driver at the time of the accident was not in defendant's employ, that he had taken the truck without leave, and was using it for a purpose of his own.

2. In such case, where it appears that the truck had defendant's name and business thereon, the presumption raised thereby that it was used in defendant's business cannot stand in the face of the evidence of plaintiff's witnesses to the contrary.

3. Plaintiff is bound by the uncontradicted testimony of the defendant, called for cross-examination, to the effect that the truck, at the time of the accident, was not used in the course of his business.

4. Where the driver testifies in chief that he was driving the truck at the time, and that it had a defective brake, it may be shown by his cross-examination that he was not driving it as an employee of the defendant, but on his own business.

5. Such facts were a part of the res gestæ, which is always a proper subject for cross-examination.

6. The fact that such cross-examination might tend to defeat plaintiff's action is no ground for excluding it.

7. When the cross-examination of a witness for plaintiff is germane to what is inquired into in chief, or tends to elicit facts which plaintiff ought to have brought out as part of the case and which the court and jury should have known from him and his witnesses, the defendant should be allowed to develop what is withheld intentionally or otherwise.

8. Where it is shown, in a negligence case against the owner of a motor truck, that the truck was not used in defendant's own business at the time of the accident, the fact that the brake of the truck was defective, is immaterial.

Argued October 7, 1924. Appeal, No. 25, Oct. T., 1924, by plaintiff, from order of C. P. Washington Co., Feb. T., 1923, No. 177, refusing to take off nonsuit, in case of John Felski v. Jacob Zeidman, trading as Zeidman's Furniture Store. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's wife. Before BROWNSON, P. J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was, inter alia, refusal to take off nonsuit, quoting order.

*Vernon Hazzard,* for appellant.—The court should have heard all of the testimony instead of entering a nonsuit: Parker v. Motor Car Co., 241 Pa. 461; Gojkovic v. Wageley, 278 Pa. 488; Kohler v. R. R., 135 Pa. 346; Luckett v. Reighard, 248 Pa. 24; Marcus v. Gimbel Bros., 231 Pa. 200; Kirk v. Showell, 276 Pa. 587; Zondler v. Foster, 277 Pa. 98.

Even admitting the competency of the testimony elicited from the driver on cross-examination, it still was the duty of the court to submit the case to the jury.

It is not proper to cross-examine a witness on other questions than those brought out by the examination, where the questions elicited on cross-examination tend to introduce matters of defense: Dixon v. Minogue, 276 Pa. 562; Griffith v. Eshleman, 4 Watts 51.

*J. Roy Dickie,* of *Dickie, Kier & McCamey,* for appellee, cited: Smith v. Traction Co., 202 Pa. 54; Al-

brecht v. Erie City, 265 Pa. 453; Dunmore v. Padden, 262 Pa. 436; Krewson v. Sawyer, 266 Pa. 284.

OPINION BY MR. JUSTICE WALLING, November 24, 1924:

On May 16, 1922, the plaintiff, John Felski, with his wife and three sons, was passing along Eighth Street, Charleroi, in an automobile and when crossing McKean Avenue an autotruck so violently collided with the automobile as to demolish it and kill plaintiff's wife. The truck was owned by the defendant, Jacob Zeidman, a furniture dealer, and the accident apparently happened by the fault of the driver, Louis Glenn. It was developed, however, by witnesses called for plaintiff, that Glenn was not in defendant's employ, had taken the truck without leave and was using it for a purpose of his own. Under such circumstances the trial judge granted a nonsuit and the refusal to take it off forms the basis of this appeal by plaintiff. The fact that the truck was being so used by Glenn was shown by the testimony of three witnesses, to wit, Glenn, his father and the defendant, the latter being called for cross-examination, and there was no evidence to the contrary. True, it was a business truck with defendant's name thereon, which would raise a presumption that it was being used in his business (Sieber v. Russ Bros. Ice Cream, 276 Pa. 340; Williams v. Ludwig Floral Co., 252 Pa. 141; Holzheimer et ux. v. Lit Brothers, 262 Pa. 150); but in the instant case this presumption cannot stand in the face of the evidence of plaintiff's witnesses to the contrary. Had the defendant offered oral testimony to rebut the presumption, its credibility would have been for the jury (Gojkovic v. Wageley et al., 278 Pa. 488, 490, and cases there cited), but plaintiff cannot question the credibility of his own uncontradicted witnesses. Moreover, he was bound by the testimony of the defendant, given as under cross-examination, for it was neither contradicted nor qualified (Krewson, Exrx., v. Sawyer et al., Exr., 266 Pa. 284, 287; Dunmore et ux.

v. Padden, 262 Pa. 436, 439), and that testimony was fatal to plaintiff's case.

Appellant complains of the action of the trial judge in permitting the cross-examination of Louis Glenn to bring out the fact that he had taken the truck without permission and was using it for his own purpose; this complaint cannot be sustained. The witness had testified in chief that he was driving the truck at the time in question and that its foot brake was defective. This rendered pertinent the circumstances under which he was driving the truck and developed the facts that he was not then in defendant's employ, had taken the truck without leave to take a child home, then to take a girl friend down to the bridge and was returning when the accident occurred. What was brought out was a part of the res gestæ, which is always a proper subject for cross-examination: 1 Wharton's Law of Evidence, sec. 529; Markley v. Swartzlander, 8 W. & S. 172; Quigley v. Thompson, 211 Pa. 107, 109; Smith v. Traction Co., 202 Pa. 54. As stated by Chief Justice GIBSON in Bank v. Fordyce, 9 Pa. 275, 277: "A party is entitled to bring out every circumstance relating to a fact which an adverse witness is called to prove. In Markley v. Swartzlander, 8 W. & S. 172, a party was allowed to cross-examine to new matter, because it was part of the res gestæ; which is exactly this case." To like effect is the language of Justice SHARSWOOD in Jackson v. Litch, 62 Pa. 451, 456, that: "Where a witness has stated a fact, he may be asked by the other party to detail all the circumstances within his knowledge which qualify it, even though they may constitute new matter and form part of his own case"; and see Reibstein v. Alderney Dairies, 264 Pa. 447. The ruling of the trial court in the instant case is supported by Quigley v. Thompson, supra, where Justice FELL, speaking for the court, says: "The whole trend of the examination in chief of this witness was to establish facts and circumstances which would make the defendant answerable on the ground that the negligence

alleged was that of his servant acting within the scope of his employment. It was competent in cross-examination to develop by the witness the fact, which qualified his testimony, that at the time of the accident he was using the machine in the prosecution of his own business and not in the business of his employer." That the cross-examination might tend to defeat plaintiff's action is no reason for excluding it. The case is like that of a witness called to prove he saw a party drive upon a railroad track; where it would be pertinent to inquire whether the party stopped before doing so, although the answer might tend to defeat the action. This is not introducing matter of defense, but merely showing that plaintiff has no case to which a defense is necessary; in other words, qualifying or destroying the effect of the testimony. One object of cross-examination is to develop other relevant facts connected with the subject of inquiry. In the language of Justice BROWN in Smith v. Traction Co., 202 Pa. 54, 57: "It is true, cross-examination should be confined to the matters upon which the witness is examined in chief, and a defendant will not be permitted to bring out new matter constituting his defense by cross-examining the plaintiff's witnesses; but it is equally true that, when the cross-examination is germane to what is inquired into in chief, or tends to elicit facts which, as in this case, the plaintiff ought to have brought out as part of the case, and which the court and jury should have known from him and his witnesses, the defendant should be allowed to develop what is withheld intentionally or otherwise. Even if, in one sense, it was new matter, yet, in another point of view, it was but developing a part of the res gestæ, and this the defendant had a right to inquire into by cross-examination." See also Albrecht v. Erie City, 265 Pa. 453, 456. It is constant practice to grant nonsuits whenever the evidence for plaintiff discloses contributory negligence, notwithstanding the presumption that he used due care;

which shows a presumption in favor of a litigant cannot stand in the face of his own proof.

Inasmuch as the truck was taken and used without defendant's consent and not in his business, the fact that it had a defective brake is immaterial: Beatty v. Firestone T. & R. Co., 263 Pa. 271.

The assignments of error are overruled and the order appealed from is affirmed.