## Stawczyk *v.* Ehrenreich, Appellant.

Argued November 9, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Daniel B. Winters,* with him *Arthur G. Stein,* and *Stein & Winters,* for appellants.

*Alexander J. Bielski,* for appellees.

Opinion by Wright, J., December 17, 1959:

On November 23, 1956, at the intersection of Jerome Boulevard and Jackson Alley in the City of McKeesport, there was a collision between the motor vehicles of Frank Stawczyk and Leonard Ehrenreich. A complaint in trespass was filed by Stawczyk and his wife against Ehrenreich to recover personal injury and property damages. The husband was thereafter severed as a plaintiff and joined as an additional defendant in the wife's action. At the trial of the case, verdicts were returned in favor of the wife-plaintiff against Ehrenreich alone in the amount of $3,500.00, and in favor of the husband-plaintiff in the amount of $1,-500.00. The court en banc subsequently granted plaintiffs' motion for a new trial. Defendant Ehrenreich has appealed.

One of the principal elements of damage claimed by appellees was that the wife had developed cancer as a result of the accident. During the course of the trial, they called Dr. Frank Bondi as a witness and qualified him as a general surgeon at the McKeesport hospital. Dr. Bondi testified that, on September 13, 1957, Mrs. Stawczyk was referred to him by her family physician; that he discovered a plum-sized lump in her left breast which he tentatively diagnosed as malignant; that, following confirmation of this diagnosis by exploratory operation and pathological examination, he performed a radical mastectomy, which involved a removal of the entire breast and the two underlying muscles, as well as the axillary tissues beneath the arm pit. It is important to note that Dr. Bondi was not questioned on direct examination concerning the causal connection between trauma and cancer. On cross-examination, appellant's counsel qualified Dr. Bondi as an expert in the field of cancer, and

then asked him whether there was any causal connection between the trauma and the cancer. Over objection by counsel for appellees, the doctor was permitted to reply as follows: "My own opinion is that trauma has no stimulating effect at all upon a cancer. I don't think that trauma causes it at all . . . Now, there are others who feel differently on this particular point, and many people feel that it does cause the cancer". Counsel for appellees then moved to strike the testimony of Dr. Bondi with regard to causal connection as improper cross-examination, and also offered to prove by the testimony of Dr. Francis Conlon and Dr. Francis Alvin that there was a causal connection between the trauma and the cancer. The trial judge took the position that appellees were bound by the opinion which Dr. Bondi expressed on cross-examination, and were precluded from contradicting it. He refused to permit Doctors Conlon and Alvin to testify, would not admit appellees' exhibits relating to medical expenses in connection with the operation, and entirely excluded the cancer claim from the jury's consideration.

Appellant relies upon the proposition that, where the testimony of a plaintiff's experts is so conflicting as to render one of two irreconcilable inferences possible of adoption, plaintiff has failed to sustain the burden of proof. See *Mudano v. Philadelphia Rapid Transit Co.*, 289 Pa. 51, 137 A. 104. However, that proposition does not apply in the instant case. The testimony of Dr. Bondi as to causal connection was not elicited on direct examination. While an expert may be properly cross-examined to test his competency, cf. *Friday v. Pennsylvania Railroad Co.*, 204 Pa. 405, 54 A. 339, the cross-examination must be germane to the direct examination. "It is elementary that, unless the witness is himself one of the litigants . . . cross-examination of his testimony should be confined to the matters upon which he was examined in chief . . . It is

true that considerable latitude must be left to the trial judge, and his action will not be reversed in the absence of an abuse of discretion or unless obvious disadvantage resulted therefrom to the other party": *Tolomeo v. Harmony*, 349 Pa. 420, 37 A. 2d 511. The trial judge, writing for the court en banc, correctly acknowledged the serious disadvantage which resulted to appellees in the case at bar. Cf. *Okotkewicz v. Pittsburgh Rwys. Co.*, 397 Pa. 303, 155 A. 2d 192[2].

The cases cited by appellant are not controlling.[1] The direct examination of Dr. Bondi was confined to his diagnosis and subsequent operation. The cross-examination should have been limited to matters germane to the direct examination. Since Dr. Bondi was not qualified in chief as an expert on cancer, but only as a surgeon, and since he was not questioned in chief as to causal connection between the accident and the cancer, it was improper to permit cross-examination on this issue. Appellant may call Dr. Bondi as his witness, and the extent of Mrs. Stawczyk's injuries as a result of the accident will then become a question for the jury, taking into consideration all of the evidence. See *Polando v. Blue Ridge Tr. Co.*, 374 Pa. 485, 97 A. 2d 838.

The precise question before us was resolved in *Campbell v. Gladden*, 383 Pa. 144, 118 A. 2d 133, wherein our Supreme Court said: "The appellant places considerable emphasis on the fact that since Dr. Ramsey and Dr. Carazola were both plaintiff witnesses and they contradicted each other, their testimony pertaining to the cause of death must be ignored, under the ruling laid down in the case of Mudano v. Phila. Rapid

---

[1] *Smith v. Philadelphia Traction Co.*, 202 Pa. 54, 51 A. 345; *Felski v. Zeidman*, 281 Pa. 419, 126 A. 794; *Conley v. Mervis*, 324 Pa. 577, 188 A. 350; *Lester v. Century Indemnity Co.*, 356 Pa. 15, 50 A. 2d 678.

Transit Co., 289 Pa. 51. The Mudano case, however, is clearly distinguishable from the one at bar because there the expert witnesses gave opposite opinions while on direct examination. Here, Dr. Ramsey made no reference in his testimony in chief to causal relationship between the accident and Campbell's death. He was called by the plaintiff to testify only as to the result of the autopsy he had performed on the deceased. The testimony with regard to non-tortious causation of death was brought out on cross-examination and went beyond the scope of the direct examination. The plaintiff, therefore, cannot be bound by Dr. Ramsey's testimony insofar as it pertains to the bridge or lack thereof between the original trespass and the culminating demise of the victim of the trespass". See also *Burnets v. Scranton Coal Co.*, 119 Pa. Superior Ct. 149, 180 A. 743; *Malik v. Uniontown*, 172 Pa. Superior Ct. 562, 94 A. 2d 151.

Order affirmed.