[PHILADELPHIA, JANUARY 26th, 1839.]

## PERIT and Others *against* COHEN and Others.

### IN ERROR.

1. In an action on an award made under an alleged parol submission, one of the arbitrators was called by the plaintiff, and proved the submission and award. *Held*, that it was competent for the defendant to ask him, on cross-examination, and without first opening his case, whether he and the other arbitrator had not previously decided that they could make no award, and informed the parties of that decision.

2. Where an arbitrator has been called by the plaintiff to prove a parol submission and an award made under it, the defendant may prove by him, 1st, That soon after the submission, a meeting of the arbitrators was held, and upon the facts and statements then before them, they decided that they could make no award, and so informed the parties. 2nd. That twelve or eighteen months afterwards, without any new submission or notice to the defendant, the arbitrators met and made the supposed award, not on the facts and statements communicated by the parties, but upon circumstances which had happened after the first meeting, and after the abandonment of the reference.

THIS was a writ of error to the District Court for the City and County of Philadelphia, to remove the record of an action brought by J. J. Cohen and others against John W. Perit and others.

The action was brought upon an award alleged to have been made under a parol submission by the plaintiffs and defendants.

On the trial of the cause before PETTIT, President, on the 15th of November, 1836, the plaintiffs produced John A. Brown, (one of the arbitrators by whom the award was made) as a witness,—who deposed as follows, viz.—" There was a submission by the plaintiffs and defendants to Mr. M'Crea and myself touching $100, a deficiency in a sum of specie sold by the plaintiffs to the defendants. We met. I do not recollect whether the parties met. There was no argument by counsel. We made an award. This is it." Being cross-examined, he said.—" The submission was upwards of a year before the award, to the best of my recollection. We had a meeting soon after the submission. We did not agree upon an award at that meeting. We did not come to a decision until a very short time before the date of the award. No notice was given to the parties after the first meetings. We did not meet formally more

than once, but we talked of it frequently in the street, if my memory serves me. I do not recollect whether the submission was in writing. I do not recollect it at all, except from seeing the award. The award has refreshed my memory. Each party told his own story at the first meeting, so far as I recollect." The defendant's counsel then proposed to ask the witness the following question, viz. " At the meeting of arbitrators of which you have spoken, soon after the submission, did not you and Mr. M'Crea hear the facts and statements of the parties, and decide that you could make no award, and did you not inform the parties of that decision ?" This question was objected to on behalf of the plaintiffs, and rejected. by the learned judge, on the ground that the defendants should, as decided in *Ellmaker* v. *Buckley,* (16 *Serg. & Rawle,* 72,) first open their case; and this rejection was the first error assigned.

The defendant's counsel then opened their case; and having done so, offered the said John A. Brown as a witness to prove, " 1st. That soon after the submission, a meeting of the arbitrators was held, and upon the facts and statements then before the arbitrators they decided, that they could make no award, and so informed the parties. 2nd. That twelve or eighteen months afterwards, without any new submission, or any assent of or notice to the defendants, the said M'Crea and Brown met and made the supposed award (on which this action was brought) not on the facts and statements communicated by the parties, but upon circumstances which had happened after the first meeting, and the abandonment of the reference as above stated." The plaintiffs' counsel objected to this evidence, and it was rejected by the learned judge (referring again to *Ellmaker* v. *Buckley,* 16 *Serg. & Rawle*) ; and this rejection was the second error assigned.

Mr. *Meredith,* for the plaintiffs in error.

1. The case of *Ellmaker* v. *Buckley,* (16 *Serg. & Rawle,* 72,) decided that a party cannot, before he has opened his case, introduce it to the jury by cross-examining the witnesses of the opposite party. In this case the cross-examination proposed was in the regular and usual course. The plaintiff was under the necessity of examining the witness respecting the submission, and the question proposed on the part of the defendant was merely whether the submission continued. The plaintiff is to make out his case affirmatively, and the defendant ought to be allowed, by refreshing the memory of a witness, to invalidate the plaintiff's case, without opening any case on his own part.

2. The case of *Ellmaker* v. *Buckley* also decided, that arbitrators are incompetent to give evidence of their own misconduct. Here no misconduct was alleged. *Ex necessitate,* the witness was competent to prove the revocation of the submission. The judge rejected

(Perit *v.* Cohen.)

each and both of the questions proposed; and if either of them was admissible, the judgment ought to be reversed.

Mr. *C. Ingersoll* and Mr. *J. R. Ingersoll,* for the defendants in error.

The case of *Ellmaker* v. *Buckley* is nearly identical with this on both points. The impropriety alleged on both cases on the part of the arbitrators was merely a technical one. If a jury should separate and meet again, and give a verdict, would one of them be admitted to testify to the fact? The questions were proposed together. If they had stopped at the first question, there would still be an impropriety in putting it. The rule of law would be constantly evaded, if questions could be separately proposed, which together would be objectionable. In *Shelly* v. *Palmer,* (1 *Strange,* 646,) it was held, that parol evidence was not admissible to contradict a written award.

The opinion of the Court was delivered by

KENNEDY, J.—As to the first bill of exception; we are clearly of opinion that the plaintiff in error, the defendant below, was entitled to have the question answered, which, by way of cross-examination he propounded to Mr. Brown, the witness produced by the plaintiff below, to prove the submission and award set forth in his declaration; and upon the establishment of which, his right to recover depended. The object of the question by the defendant, was, to ascertain from the witness, whether the submission of which he spoke in giving his evidence in chief, had not in effect, been terminated or put an end to before the award, of which he also testified, was made. Now it is perfectly obvious, that the award was a mere nullity, or in law no award at all, unless a submission authorising it, was in force or being at the time it was made. The claim of the plaintiff below therefore, rested entirely upon the fact of such an award having been made, as he alleged, that is, one made in pursuance of an agreement of submission, existing between him and the defendant below at the time. This was part of the *allegata* on his part, and therefore, to entitle him to recover, he was bound to sustain it by his proofs. Having given evidence accordingly by the witness, which, without more, went to prove that the writing, purporting to be an award, was made in pursuance of an agreement of submission in force at the time of making the award, he could with no propriety or colour of reason after closing his examination of the witness in chief, object to the defendants asking such questions of the witness as would tend to elicit evidence from him, showing that the submission, of which he testified, as having been made, had been put an end to, before the making of the award; and consequently the award was made without any submission, which autho-

(Perit *v.* Cohen.)

rised it. The question then, put by the defendant, if answered, as he expected, by the witness, would have produced evidence going to repel the inference arising from his evidence in chief, that the award was made under the authority of the agreement of submission which he testified was made, and thus have rendered his testimony in chief of no effect, and have left the plaintiff without any proof of a submission, which authorised the making of. the award; and without which, it was impossible for him to sustain his action. The question was therefore not only material, but peculiarly appropriate to be put by the defendant, to the witness on his cross-examination of him. Suppose the plaintiff below had brought his action to recover the amount of a note, drawn by the witness as the agent of the defendant, for a certain sum of money, payable to the plaintiff, and had, on the trial, produced the witness to prove the drawing of the note, and his authority for doing so, and that the witness had testified upon his examination in chief, that he drew the note and delivered it to the plaintiff, under an authority given to him some time previously by the defendant. Can .it be doubted, that in such case, it would be proper for the defendant,, on his cross-examination of the witness, to inquire of him whether he had not surrendered that authority to the defendant, or the defendant had not revoked it before the drawing of the note; and whether this was not all known to the plaintiff at the time of his receiving the note? It would seem to be impossible to raise even the shadow of a doubt, as to the propriety of putting the question in the case supposed; and yet it is precisely parallel with the case before us, the object of the question being to show that the authority, which the witness testified he had given to him, had ceased to exist in either case, before he undertook to exercise it. The evidence rejected by the Court below and mentioned in the first bill of exception, does not therefore fall within the rule laid down in *Ellmaker v. Buckley.*

Then in regard to the second exception; we also think that the Court below fell into an error in rejecting the evidence, under the impression, it would seem, that the witness was incompetent, or could not be required to give it, because he acted as an arbitrator in making the award upon which the plaintiff relied for his recovery against the defendant. The Court seem to have taken up the idea, that the evidence, which the defendant proposed to give by the witness, tended to impeach the propriety, if not the integrity of his conduct, as an arbitrator. This, however, I think, was a misapprehension; for the evidence offered to be given by him, instead of going to show that he acted improperly as an arbitrator between the parties here, would have shown, if it had been given, that he in fact was not an arbitrator at the time, and had no authority from the parties, to act as such; and that, though he had had such authority some time before that, yet he with the other gentleman upon whom it was conferred, after making an attempt to execute it,

(Perit *v.* Cohen.)

but unable to do so, had surrendered or given it up again to the parties; who thereupon had a right to consider the submission as terminated, and no longer in force. The evidence therefore proposed to be given by the witness, was not liable to the objection made to the examination of an arbitrator in *Ellmaker* v. *Buckley*, and sustained by this Court. Here, Mr. Brown, the witness, was produced by the plaintiff below, to prove that he was an arbitrator between the parties, mutually chosen by them as such, and that as such he joined in making the award. Now if he was competent to prove these facts for the plaintiff, why should he not be equally competent to disprove them in effect for the defendant. This would have been the legal effect of what the defendant proposed to prove by him. I do not know that it was ever questioned, that a person who acted for another as his agent, might not be called afterwards as a witness, to prove that he had no authority whatever to act as such at the time, or in case of his having had authority previously, to prove the happening of an event before he performed the act, whereby his authority by operation of law, was revoked. If an agent be competent, and may be called on to prove such matters, of which I think there can be no doubt, why may not a person, who has undertaken to act as an arbitrator, be required to prove that he had no authority to act as such; or where he had such authority at one time, to prove an event, which took place subsequently, but prior to his making the award, that revoked his authority. The principle seems to be the same in either case. Besides, if he be competent to prove the affirmative, would it not be somewhat anomalous after he is sworn or affirmed, to speak the whole truth and nothing but the truth in regard to it, to hold that he shall not be allowed to prove the negative if true? The judgment must be reversed and a *venire de novo* awarded.

Judgment reversed and a *venire de novo* awarded.