## Markley *against* Swartzlander.

An erased deed is not such a deed as a vendor ought to furnish to a vendee in compliance with his engagement to make a title.

In an action of ejectment brought to enforce the payment of the purchase money, where the plaintiff retains the legal title, it is not requisite that the plaintiff should have tendered a deed before suit brought, where he claims a conditional verdict; it is sufficient if done on the trial.

If the deed filed be erased, a court of error will allow the plaintiff to execute a new one in its stead.

A party may cross-examine as to the *res gestæ* given in evidence, though it be new matter.

The subscribing witnesses to an instrument are required to enable the opposite party to inquire into the circumstances attending the sealing and delivery.

[Markley v. Swartzlander.]

ERROR to the Common Pleas of *Bucks* county.

This was an ejectment by David Swartzlander against Jacob Markley, to compel the payment of the residue of the purchase money due on a tract of land of 97 acres, sold by the plaintiff to the defendant. The plaintiff, David Swartzlander, had purchased this tract from Joseph Swartzlander in 1820, and the deed (which was recorded in April 1821) contained a reservation to Joseph of " a free and uninterrupted right and privilege at all times of passing and repassing with wagons, carts, or in any other way that may be necessary, along the race and dam on the hereby conveyed premises, with the free liberty of clearing out, enlarging and repairing the said mill-race and dam, as he or they from time to time may find necessary for the use and benefit of the grist-mill on the premises now held by the said Joseph Swartzlander, and conveying the water along the said race for the use of the same or any other water-works that may hereafter be erected on the said premises; provided the same be done without any unnecessary injury to the said David Swartzlander, his heirs and assigns." By an agreement dated 13th September 1841, the plaintiff agreed to sell the farm to the defendant, and to give him a good and sufficient title on the 1st April following, and deliver possession on the same day; and the defendant agreed to pay $6000 therefor in gold or silver coin on taking possession and receiving a title. The defendant paid a considerable portion of the purchase money before the 1st April 1842, and possession was delivered to him by the plaintiff; but at a meeting between the parties to complete the business on the 1st April 1842, the defendant objected to paying any more money unless the plaintiff would give him a warranty in his deed against the claim of Joseph Swartzlander.

The plaintiff gave evidence of what passed at the making of the agreement, and to show that the defendant had previously examined the premises, and was fully aware of the claim of Joseph Swartzlander under the reservation in his deed of 1820. It was further in evidence that when the parties met on the 1st April 1842, the defendant brought with him a deed to the defendant for the premises, which had been prepared by his counsel to be executed by the plaintiff and his wife. This deed contained the usual clause of special warranty against the grantors and their heirs and all persons claiming under them; and also a warranty against the claim of Joseph Swartzlander. To this the plaintiff's counsel objected and erased this latter warranty from the deed, but the defendant would not accept it. There was also some exception made by the plaintiff to the kind of money tendered by the defendant at that time.

A bill of exception to evidence was taken by the defendant on the trial. The defendant offered in evidence the article of agreement of the 30th September 1841, between the plaintiff and defendant, and called a subscribing witness, Joseph Swartzlander,

P *

who testified to his handwriting as a witness to the execution of it. The plaintiff then asked the witness what was said by the parties at the time of the execution of the instrument. The defendant objected, but the court admitted the testimony and sealed a bill of exceptions.

The court charged the jury as follows:

If you find the defendant had notice and knew the right of Joseph Swartzlander to this race, and he prevented the plaintiff from giving the deed containing that right, but declared himself satisfied, he has no defence on that ground: and if there is no other ground of defence, the plaintiff will be entitled to your verdict, to be released on the payment of the balance of the purchase money in reasonable time to be fixed by you. If you find, on the other hand, that Markley had not reasonable notice of the extent of the water-right, and did not dispense with the production of the deed showing the extent of the water-right, then the court instruct, that the contract has been so far executed by the delivery of possession and payment of more than one-half of the purchase money, that it ought not to be rescinded, but the defendant ought to have a deduction.

The defendant has requested us to instruct you:

1. That under the facts proved in this case, the plaintiff was bound to show that he had tendered a deed to the defendant conveying a good and sufficient title before the institution of the suit, or that the defendant had waived the necessity of such tender.

2. That the deed given in evidence by the plaintiff was not such a deed as the defendant was bound to accept.

5. That under the evidence in this case, this action cannot be maintained.

We shall consider these points together. They involve the occurrences at Tucker's on the 1st April, and the deed there acknowledged and presented there and now brought into court. You have heard this evidence; how the deed was produced by the defendant's attorney; how it contained a warranty against the rights of Joseph Swartzlander; how the plaintiff's counsel took the deed and scratched out this covenant. Then the deed was acknowledged, brought down and handed to the counsel of the defendant, who refused to accept it. Now when a tender is necessary, it should be done in a regular manner; but the law is, that is not necessary, if the other party by his conduct dispense with a regular tender, by a previous refusal to accept the deed. Is not the evidence clear, that when the deed was handed to the defendant's counsel, he declared we will not accept this deed. If this was so, a formal tender was not necessary. Was this such a deed as the defendant was bound to accept? If you find, as we have before stated, that Markley purchased with knowledge of this right of Joseph Swartzlander, as proved by him and Delp, it was such a deed as we think he was bound to accept, under the

[Markley v. Swartzlander.]

article. It would have been better if the erasure had been noted. But was the objection on that ground? Is it not fully proved the erasure was made before the execution of the deed? If so, the deed was good. This in connection with the general charge and the answers to the subsequent points, we think a sufficient answer to these points. We refuse to instruct you as required.

The 3d point is, that before the plaintiff can recover in this suit, he was bound to prove that he had repaid or offered to repay to the defendant the amount of money advanced on account of the purchase; and as no such evidence has been given, the verdict of the jury should be given for the defendant. We cannot instruct you as required on this point.

4. That the water privileges reserved of Joseph Swartzlander constitute such a defect in the title of David Swartzlander as discharges Markley from his performance of the contract, or entitles him to a deduction from the consideration agreed upon, unless the whole extent of these privileges were known to him at the time of the agreement being entered into, and also, unless he agreed to take the property subject to them, and that the burthen of proof lies upon the plaintiff.

We have already instructed you on the subject of this point, and we will add, this contract has been so far executed, it is idle to talk about rescinding it. We have instructed you on what grounds the plaintiff is entitled to recover the whole amount, and the grounds on which the defendant will be entitled to an abatement. We think on the whole evidence the plaintiff is entitled to recover, as we presume in any way the cause may be considered, there is more money due than the defendant would be entitled to have deducted, (but the amount of that deduction, if you think on the evidence and the principles stated by the court, is your province). The deed will be in court for the use of the defendant, and will be ordered to him, when the court think he is legally entitled to receive it. Much has been said about the tender of the money on the 1st April 1842. It is settled a mere offer to pay money is not in legal strictness a tender; and of a legal tender the defendant is not entitled to take advantage unless he pleads it and brings the money into court. To give the defendant an equity as to interest or costs, under the evidence in this case, he ought to have brought his money into court, especially if you find the defendant bought with knowledge of the incumbrance and subject to it.

The defendant excepted to the charge. The jury found a verdict on the 14th February 1844 for the plaintiff to be released on the payment of $2808.81, on or before the 1st April following.

*J. Fox,* for the plaintiff in error.
*Chapman,* contra.

[Markley v. Swartzlander.]

The opinion of the Court was delivered by

Sergeant, J.—It is plain, from the evidence in this case, that the real ground of dispute between the parties was whether the plaintiff was bound to give a warranty against the claim of Joseph Swartzlander, under the reservation in his deed to the plaintiff; and that all the other matters, as to the tender of a deed, on the one side, and of the money on the other, would have been disposed of, could this have been concurred in. But the defendant insisted then, and on the trial, that he was to have a clear title for the premises, freed from all incumbrances, as well this as any other. The plaintiff alleged that the defendant was perfectly aware of this reservation in the deed before signing the agreement, and entered into the agreement with a full understanding of the nature and extent of the claim. The parol evidence of what passed at the execution of the agreement, as well as other circumstances, settled this question in the minds of the jury in favour of the plaintiff, and the objections to this evidence have been waived here. The point chiefly dwelt upon by the plaintiff in error is, that the plaintiff was bound to tender a deed before bringing his action, and that he had failed to do so; that the deed tendered and filed in court, and annexed to the record, was one in which the plaintiff had made an erasure, which was not noted before the delivery, and was objected to at the meeting, and the defendant had therefore a right to refuse it. If the plaintiff was bound to file a deed before suit brought, there would, perhaps, be weight in this objection; for though an erasure does not necessarily avoid the deed, if it be afterwards regularly delivered, yet it affords ground of suspicion to a subsequent purchaser, renders the title less marketable, and exposes him to the expense and trouble of obtaining proof of the facts, and even to the risk of loss of that proof, and therefore is not such a deed as the plaintiff ought to furnish the defendant. But this is not a case in which the plaintiff is bound to show a tender before suit brought. It is an action of ejectment, brought to enforce the payment of the purchase money, and the plaintiff has the legal title. This was so held in *Devling* v. *Williamson*, (9 *Watts* 311), where it is decided that in an action of ejectment founded on a legal title, where the defendant rests his defence on an agreement of purchase, it is not essential to the plaintiff's right to recover a conditional verdict, that he should have tendered to the defendant before suit brought. It is sufficient that the plaintiff tenders or files the deed in court on the trial, where he is entitled to recover a conditional verdict on the defendant's default in complying with his contract. The defendant is considered as coming into a Court of Chancery on his equitable title, and there the condition of the parties at the time of the decree is regarded, rather than at the commencement of the suit; and the verdict is in the nature of a special decree. The deed here was tendered on the trial, and filed in court. The only ob-

[Markley v. Swartzlander.]

jection to it was the erasure, and the plaintiff ought to have obviated that by drafting and executing another free from objection. As it is still in the power of the plaintiff to do this without injury to the defendant, we think it our duty to give him the opportunity, rather than put the parties to the expense and trouble of another trial.

The other error relied on is that contained in the bill of exceptions, and we think the court below was right in admitting the cross-examination. If it was in one sense new matter, yet, in another point of view, it was but developing a part of the *res gestæ* at the execution of the instrument, and this the plaintiff had a right to inquire into by cross-examination. One of the grounds on which a party producing an instrument attested by a witness is bound to produce the witness, if it is in his power, is that the opposite party may have an opportunity to examine him as to the circumstances that occurred at the attestation and delivery. And these circumstances may relate to various matters besides the mere mode of execution of the instrument, that go to invalidate or modify the effect of the instrument. Under our decisions, parol evidence of what passed at the time of executing an instrument is admissible in evidence to vary or control it, and is considered as part of the contract. The case of *Perit* v. *Cohen,* (4 *Whart.* 81), is quite as strong as the present, if not more so. There it was decided that, in an action on an award under a parol submission, one of the arbitrators, after being called by the plaintiff and proving the submission and award, might be cross-examined by the defendant to show that he and the other arbitrators had previously decided they could make no award, and informed the parties of that decision.

Judgment affirmed, provided the plaintiff, before the 1st April, 1845, files in the court below a good and sufficient deed like that on record, but free from erasure, to be at the disposal of the defendant on complying with the verdict; otherwise to be reversed, and *venire facias de novo* awarded.