# Jennings *v.* Maley, Appellant.

*Judgment in a former suit—Ejectment—Plea in abatement—Answer—Acts of May 8, 1901, P. L. 142, and June 7, 1915, P. L. 887—Entry of judgment on pleadings.*

1. In case of eviction and reëntry by a defendant on lands recovered in ejectment after the execution and return of a writ of habere facias possessionem, the plaintiff is obliged to resort to a new ejectment unless an alias or pluris writ can be issued within three years from the return day of the preceding writ.

2. Where in an action of ejectment which is governed solely by the Acts of May 8, 1901, P. L. 142, and June 7, 1915, P. L. 887, defendant filed an answer not averring any defense on the merits but setting up a former suit and final judgment in favor of the plaintiff for the same land, the court below made no error in overruling the answer and entering judgment for the plaintiff on the pleadings.

Argued April 17, 1918. Appeal, No. 361, Jan. T., 1917, by defendant, from decree of C. P. Columbia Co.,

Dec. T., 1915, No. 75, refusing defendant's motion for leave to file plea in abatement in case of Bridget Jennings v. Annie Maley. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Ejectment.

The facts appear from the following opinion of EVANS, P. J.:

Briefly, the docket entry shows the following in this case:

The præcipe, plaintiff's statement and abstract of title filed October 25, 1915. Same day summons in ejectment issued for land described in præcipe, etc. Returned served on defendant by copy, etc.

December 1, 1915, præcipe for appearance for defendant filed.

January 3, 1916, plea in abatement filed.

February 5, 1916, answer to plea in abatement filed.

February 14, 1916, ruled for argument at March argument court—argue.

April 3, 1916, opinion of the court filed—plea in abatement disallowed. Same day exception to opinion of the court filed. Exception noted and bill sealed.

May 23, 1916, petition for rehearing filed. Same day petition denied and reargument refused.

June 7, 1916, bond in the sum of $200 with surety filed. Same day bond and surety approved.

June 7, 1916, certiorari from Supreme Court, returnable second Monday of April, 1917, filed.

March 7, 1917, certificate showing amount involved exceeds $1,500, filed.

April 10, 1917, remittitur from Supreme Court filed. Appeal quashed.

April 13, 1917, rule granted on defendant to file answer, plea and abstract of title within thirty days from service or judgment.

May 19, 1917, defendant's answer to rule filed.

May 25, 1917, rule granted (the rule now for determi-

nation) on defendant to show cause why judgment should not be entered for plaintiff for land described in writ for want of a sufficient answer, plea and abstract of title.

Ejectment is a possessory action and the method of procedure is governed solely by the Acts of May 8, 1901, P. L. 142, and June 7, 1915, P. L. 887. Section 2 of the Act of May 8, 1901, P. L. 142, provides that the plaintiff in ejectment shall file a declaration, which shall consist of a concise statement of his cause of action with an abstract of the title under which he claims the land in dispute, and in addition to the plea of "not guilty," now required by law, the defendant shall file an answer in nature of a special plea in which he shall set forth his grounds of defense, with an abstract of the title by which he claims. Section 1 of the Act of June 7, 1915, P. L. 887, amending Section 2 of the Act of May 8, 1901, P. L. 142, goes one step further and authorizes the court on rule to enter such judgment on the pleadings, in favor of either party, as it may appear to the court the party is entitled to.

The defendant in the case at bar has not filed an abstract of title by which she claims nor entered the plea of "not guilty" as required by Section 2 of the Act of May 8, 1901. In the answer filed she has contented herself merely by filing an answer which may be regarded as a special plea setting forth her grounds of defense as follows:

1. That the said Bridget Jennings was the plaintiff in No. 100, December Term, 1910, in this court, and that the deponent Annie Maley, was the defendant in said action, and that the subject-matter in this action and the prior action are identical.

2. That the plaintiff proceeded to final judgment, in this court to No. 100, December Term, 1910, thus recovering a judgment against the defendant and in favor of the plaintiff for the identical cause of action now on trial, and that said judgment is at the present time, in

full force and effect as a judgment of this court in favor of the plaintiff and against the defendant for the subject-matter in controversy.

3. The defendant for further answer thereto avers and says that the prior action, to wit, No. 100, December Term, 1910, being in full force and effect as a judgment at law in favor of the plaintiff and against the defendant for the same matter in controversy is a bar to the proceedings in this case, wherefore the defendant respectfully prays for judgment.

The defendant's answer or special plea may be regarded as a demurrer to the plaintiff's suit, and as such all the facts averred in the plaintiff's declaration, statement and abstract of title should be regarded as true. Assuming that the facts are true as therein averred the plaintiff is prima facie entitled on the pleadings to judgment for the land described in the writ.

It is averred in the plaintiff's abstract of title: That she was peaceably in possession of the premises as owner in fee simple and that on or about the 31st day of March, 1915, the defendant forceably and without right took possession of the same and still continues to hold the unlawful and wrongful possession of the same. It is likewise true that the plaintiff brought ejectment against the defendant for the identical land described in the writ in this suit to No. 100, December Term, 1910, and recovered judgment January 9, 1911; that on January 11, 1911, a writ of habere facias possessionem issued and the sheriff by virtue thereof put the plaintiff in possession of the land January 25, 1911. More than three years later, viz: on March 31, 1915, the defendant again unlawfully took possession of the premises from the plaintiff. In case of eviction and reëntry by a defendant on lands recovered in ejectment after the execution and return of a writ of habere facias possessionem the plaintiff is obliged to resort to a new ejectment unless an alias or pluries writ can be issued within three years from the return day of the proceeding writ: Section 1 of

Act of February 1, 1834, P. L. 26 (Stewart-Purdon page 1302, pl. 27).

And now, December 3, 1917, in accordance with the views herein expressed judgment is directed to be entered for the plaintiff for the land described in writ.

The lower court dismissed defendant's motion for leave to file plea in abatement.   Defendant appealed.

*Error assigned,* among others, was the decree of the court.

*James F. Minogue* and *Edward J. Flynn,* submitted a paper book for appellant.

*William H. Rhawn* and *Christian A. Small,* submitted a paper book for appellee.

PER CURIAM, June 3, 1918:

Defendant's motion to file a plea in abatement was properly denied, and the judgment which followed its disallowance is affirmed on the opinion of the learned court below disallowing it.