## Weaver *v.* Welsh, Appellant.

*Deeds—Husband and wife—Deed made before marriage—Eject-ment.*

Where a man at the time he is engaged to be married executes a deed for certain real estate, and subsequently marries, his wife acquires no rights to this property during her husband's lifetime, and the holder of the legal title is entitled to possession of the premises.

Argued Nov. 12, 1918. Appeal, No. 61, Oct. T., 1918, by defendant, from judgment of C. P. Lancaster County, entered on the pleadings in favor of plaintiff in case of Taylor Weaver v. Daisy Welsh. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER and WILLIAMS, JJ. Affirmed.

Ejectment for property on Manor street in the Borough of Columbia, Lancaster County. Before LANDIS, P. J.

Rule to show cause why judgment should not be entered on the pleadings.

The court, on motion entered judgment in favor of plaintiff on the pleadings and filed the following opinion:

By the Act of June 7, 1915, P. L. 887, it is provided that, "in all actions of ejectment hereafter to be brought, the plaintiff shall file a declaration, which shall consist of a concise statement of his cause of action, with an abstract of the title under which he claims the land in dispute, and, in addition to the plea of 'not guilty,' now required by law, the defendant shall file an answer in the nature of a special plea, in which he shall set forth his grounds of defense, with an abstract of the title by which he claims......Provided that the court may, on rule, enter such judgment on the pleadings, in favor of either party, as it may appear to the court the party is entitled to." In accordance with these provisions, the plaintiff filed his declaration and brief of title, and the defendant filed her answer and plea and an abstract of the title upon which she rests her defense. The plaintiff then secured this rule for judgment. The undisputed facts upon which the case now rests are as follows:

On November 21, 1872, Philip Gossler and wife, by deed duly executed and recorded, conveyed the premises in dispute to Samuel T. Welsh. On November 8, 1912, Samuel T. Welsh, while a single man, for the sum of one dollar and other valuable considerations, conveyed it to Elsie I. Welsh, single woman. On November 4, 1916, Elsie I. Welsh, in consideration of the sum of $800, conveyed it to Taylor Weaver, the plaintiff. The said Samuel T. Welsh and the defendant were married on November 9, 1912. After that date, they lived together on the premises, and the defendant still resides there. While they resided there together, he paid the taxes and water rent and made repairs. The defendant did not, until after proceedings for her dispossession, know of the deed to Elsie I. Welsh, and she never ratified it. She now claims that that deed was a fraud upon her rights. Under this state of facts, is her defense effective?

In Ellmaker v. Ellmaker, 4 W. 39, GIBSON, C. J., said: "Who so ignorant as not to know that a husband may dispose of his chattels during the coverture without his wife's consent, and freed of every post mortem claim by her; or that he can dispose of his land freed of her dower but with her concurrence? The current transactions of life publish the former; and a knowledge of the latter is proved by experience to be universal." If, then a husband, after his marriage, even though thereby it is claimed he has attempted to defraud her? Though he makes a conveyance, having in view such a purpose, if she occupies the same position as she did if he had not made his deed, and may claim her dower in case she survives, what harm has she suffered thereby?

In Lines v. Lines, 142 Pa. 149, it was held that "it is the settled law of this State that, during his life, a man may exercise absolute power over his personal property, without his wife's consent; her rights attach thereto only at his death; and she cannot impeach as a fraud upon her a voluntary gift of personalty made by her husband in his lifetime." And in Potter v. Fidelity Insurance Trust and Safe Deposit Company (No. 2), 199 Pa. 366, the very question here at issue came before the court. It appeared that George Van Hook Potter and Annie R. Potter were married on June 26, 1895. On that day, prior to the ceremony, and without the knowledge or consent of his wife, Mr. Potter executed a deed of trust to the defendant company, providing that the income should be paid to him during his life, and the principal should, upon his death, be transferred to such persons as he might nominate in his will. A bill in equity was filed for the purpose of setting aside the deed on the ground that, it having been made in anticipation of the marriage, it was a fraud on the marital rights of the wife, and should be declared inoperative. The bill was dismissed in an opinion by WILLSON, J., which was affirmed by the Supreme Court. The learned judge, inter alia, said: "There is no doubt that it is well settled that, when a woman, in

anticipation of an intended marriage, without the knowledge of her intended husband, executes a transfer or conveyance of her property in such a way as to deprive him of all benefit in it, and her of her control over it, such a transaction will be declared to be a legal fraud upon him," citing Duncan's App., 43 Pa. 67, and Robinson v. Buck, 71 Pa. 386. "There are other cases which can be found in the books in which the same doctrine is laid down. It undoubtedly, in the first instance, grew out of the more absolute dominion which a husband possessed over his wife's property than exists at the present day; but, as in the case already cited, the doctrine still stands, notwithstanding the great enlargement which has come to a woman's rights over her own property, and the greater assimilation in those rights to the dominion which a man can exercise over his own estate. No case, however, has been cited, and we have not been able to find any, in which that doctrine has been applied to the same degree or with the same rigor to the case of a wife asking to have a conveyance made by her husband before marriage, and in anticipation of marriage, set aside." In Baird v. Stearne, 15 Philadelphia 339, Judge THAYER set aside a deed on this ground after the husband's death, and in commenting upon this decision, Judge WILLSON says: "It will be observed, however, that the relief which was given in that case was given after the death of the husband. The question arises for consideration here whether the plaintiff, Mrs. Potter, is entitled to any other relief than that, or whether she is entitled to have the deed of trust made by her husband set aside and the property which was covered by it replaced in his hands for such uses as he may see fit to make of it. It is, of course, quite apparent that, if the possession and control of the property be again vested in him, he might the next day execute another deed of like terms, just as he might, in the exercise of the full dominion over his estate, which every man possesses, give it away."

"It, therefore, seems to me that the defendant has now no rights in this real estate and that she has no interests at this time which are entitled to protection at the hands of this court. If she survives her husband, she may have a right of dower therein; but the plaintiff has now the legal title, and is, therefore, entitled to judgment."

Judgment for the plaintiff.

*Error assigned* was the decree of the court.

*B. F. Davis,* and with him *W. L. Calkins,* for appellant.—The conveyance by the husband was a fraud on the marital rights of the defendant: Duncan's App., 43 Pa. 67; Baird v. Stearne, 15 Philadelphia 339; The Intestate Act of 1917, P. L. 429.

*William H. Keller,* and with him *John A. Coyle,* for appellee.—The deed from the husband gave the plaintiff legal title: Potter v. Fidelity Trust Co., 199 Pa. 366; Pringle, 59 Pa. 281; Bouslough v. Bouslough, 68 Pa. 495; Ellmaker v. Ellmaker, 4 W. 89; Lines v. Lines, 142 Pa. 149.

PER CURIAM, February 28, 1919:

The conclusion reached by the court below, in entering judgment for the plaintiff is fully sustained by the authorities cited.

We adopt the opinion filed as our authority for affirming the judgment.