## Endsley v. Laurel Run Fuel Company et al.

*Ejectment—Conditional verdict—Tender of deed—Striking off statement— Practice Act, 1915, inapplicable.*

1. There is no authority for the filing of a petition to strike off a plaintiff's declaration or statement of claim in ejectment. Proceedings cannot be had under the Practice Act of May 14, 1915, P. L. 483, because that act does not regulate the practice in ejectments.

2. In an action of ejectment founded on a legal title, where the defendant rests his defence on an article of purchase, it is not essential to the plaintiff's right to recover a conditional verdict that he should have tendered a deed to defendant before suit brought. It is sufficient if the plaintiff tenders or files a deed in court on the trial, where he is entitled to recover a conditional verdict on the defendant's default in complying with his contract. The defendant is considered as coming into a court of chancery on his equitable title, and there the condition of the parties at the time of the decree is regarded rather than their condition at the commencement of the suit, and the verdict is in the nature of a special decree.

3. The action of ejectment in such a case is not founded on the contract, but rather on the legal title to the land still being in the plaintiff, who is not bound by his contract to part with it until he shall have received from the defendant the purchase money.

4. Where property is held by an estate over which a receiver is appointed, under a contract reserving the title until the purchase price shall have been paid, the receiver takes the property in the same condition and subject to the rights of the vendor.

Rule for judgment in ejectment. C. P. Fayette Co., Dec. T., 1920, No. 449.

*Umbel, Robinson, McKean & Williams,* for plaintiff.

*Isaac A. Pennypacker* and *Lee Smith,* for defendants.

VAN SWEARINGEN, P. J., Dec. 22, 1922.—This action is one of equitable ejectment to enforce payment of a balance of purchase money alleged to be

Endsley *v.* Laurel Run Fuel Company et al.

due on an agreement for the sale of real estate. On April 1, 1918, plaintiff, by contract in writing, agreed to sell and convey to H. M. Datesman, his heirs or assigns, all the coal in what is commonly known and designated as the Fireclay vein and all the coal in all of the veins underlying the Fireclay vein, in and under certain tracts of land in Henry Clay Township, Fayette County, with certain mining rights, and subject to certain reservations and exceptions, containing 264 acres, at the price of $100 per acre, amounting to $26,400. On Dec. 21, 1918, Datesman, with notice to plaintiff, assigned and transferred all his rights under the contract to the Laurel Run Fuel Company. On April 5, 1919, the Laurel Run Fuel Company, after having agreed with plaintiff upon certain modifications as to the manner of payment of the purchase money under the contract and the kind of security to be given therefor, paid to the plaintiff $5000 on account of the purchase money and, with plaintiff's consent, took possession of the property, the remainder of the purchase money to be paid with $11,000 of the vendee's bonds, then yet to be issued, and four of the vendee's notes covering the balance, the last of which notes was to become due on March 1, 1920, it being provided in the agreement that, "upon the payment of the said sum," plaintiff would execute and deliver to the purchaser "a good and sufficient deed of general warranty" for the property intended to be conveyed.

No bonds of the Laurel Run Fuel Company ever were issued, no notes of the company were given to plaintiff, and no further payments of purchase money were made, although on May 10, 1919, plaintiff and his wife signed and acknowledged a deed conveying the premises to the Laurel Run Fuel Company, which deed had been approved by counsel for the vendee, and the vendee was notified of the execution of the deed and of plaintiff's readiness to stamp and deliver it upon the vendee's performing its part of the contract. On Aug. 6, 1920, in the Court of Common Pleas No. 2 of Philadelphia County, the Laurel Run Fuel Company was placed in the hands of Seymour Y. Warner, as receiver, and by permission of that court this suit was instituted here on Nov. 9, 1920, after considerable correspondence between the parties and their counsel, both before and after the appointment of the receiver.

On Nov. 9, 1920, plaintiff filed his declaration or statement of claim, with an abstract of the title under which he claims the coal lands in dispute, showing plaintiff to have title in fee to the property described in the writ, and alleging a balance due him, as of Nov. 1, 1920, including interest to that date, of $22,958.50, which amount is not controverted. Defendants appeared by counsel and pleaded "not guilty," and filed an answer, wherein certain questions were raised as to when plaintiff perfected his title to the premises, but nowhere was it or is it denied that plaintiff had title in fee to the whole of the property prior to the time suit was commenced. Defendants alleged in their answer, however, that plaintiff is not entitled to recover possession of the premises in this suit, inasmuch as no deed was tendered by plaintiff to the corporation defendant prior to Aug. 6, 1920, the date when the receiver of the corporation was appointed, nor under any circumstances while the receivership is pending. On Jan. 24, 1922, by leave of this court, after notice to defendants, plaintiff filed an amended statement of claim, setting forth the facts of the transaction more in detail than in his original declaration, giving a copy thereof to counsel for defendants, and the defendants were ordered by the court to file an answer thereto within thirty days from that date. Neither an answer to plaintiff's amended statement of claim nor an abstract of title on their behalf was filed by defendants, but on Feb. 24, 1922, defendants filed in the prothonotary's office a motion to strike off plaintiff's amended statement

3 D. & C.

of claim, which motion never was called to the attention of or acted upon by the court. On March 3, 1922, defendants filed in the prothonotary's office a demurrer to plaintiff's amended statement of claim, and also a petition to strike it off. Neither of these matters ever was called to the court's attention, and no order was made on the petition.

On April 1, 1922, plaintiff presented to the court a petition and secured a rule on defendants and on the Victory Coal Mining Company, a lessee of the defendants in actual possession of the property, to show cause why judgment should not be entered in favor of the plaintiff and against the defendants on the pleadings. Defendants filed an answer to the rule for judgment on the pleadings, wherein they alleged that they became entitled to file an answer to plaintiff's amended statement of claim, but that, previous to doing so, they desired to raise questions of law as to the sufficiency of such amended statement of claim, which they alleged they did by their motion and petition to strike it off and their demurrer thereto, "it being the defendants' purpose to elect to stand on one of these pleadings and to withdraw the others," and that "the defendants now elect to stand upon their petition to strike off the amended statement of claim, and accordingly now ask leave to withdraw the motion to strike off and the demurrer." Defendants made no answer to the rule on the merits of the case, further than to say that, inasmuch as they are not occupying the premises by an adverse chain of title, but by permission of plaintiff, as already shown, an abstract of title on their behalf cannot be filed.

Ejectment is a possessory action, and the method of procedure, in so far as this case is concerned, is governed wholly by the Act of May 8, 1901, P. L. 142, as amended by the Act of June 7, 1915, P. L. 887. Section 2 of the earlier act provides that the plaintiff in ejectment shall file a declaration, which shall consist of a concise statement of his cause of action, with an abstract of the title under which he claims the land in dispute, and that, in addition to the plea of "not guilty" now required by law, the defendant shall file an answer in the nature of a special plea, in which he shall set forth his grounds of defence, with an abstract of the title by which he claims. Section 1 of the later act, amending section 2 of the earlier act, goes one step further, and authorizes the court, on rule, to enter such judgment on the pleadings, in favor of either party, as it may appear to the court the party is entitled to: Jennings *v.* Maley, 261 Pa. 485; Weaver *v.* Welsh, 71 Pa. Superior Ct. 184. There is nothing in the Act of June 12, 1919, P. L. 478, that affects this case. Where no issue of fact is involved, the court may dispose of the case: Glenn *v.* Stewart, 265 Pa. 208; Shaw *v.* Cornman, 271 Pa. 260. None of the acts cited contains any authority for the filing of a petition to strike off plaintiff's declaration or statement of claim in ejectment, and such a petition is irregular: Linn and House *v.* Bowman, 30 Dist. R. 863. No rule ever was awarded on the petition of defendants in this case to strike off plaintiff's amended statement of claim, nor was a rule ever asked for, and, as already stated, the petition never was called to the attention of the court for any purpose, and we find it only in examining the pleadings, which were submitted to us without oral argument. And a rule could not have been awarded properly, and the petition could not properly have been permitted to be filed, even if the petition had been presented to the court. Defendants cannot proceed under the Practice Act of May 14, 1915, P. L. 483. That act does not regulate the practice in ejectments. The court, therefore, can give no consideration to this petition. Defendants were given thirty days in which to make answer to plaintiff's amended statement of claim, but almost a year has expired without an answer having been filed, and even now counsel for defendants have

agreed that the court shall determine the case on the pleadings, without asking permission to file such answer.

In an action of ejectment founded on a legal title, where the defendant rests his defence on an article of purchase, it is not essential to the plaintiff's right to recover a conditional verdict that he should have tendered a deed to the defendant before suit brought. It is sufficient that the plaintiff tenders or files a deed in court on the trial, where he is entitled to recover a conditional verdict on the defendant's default in complying with his contract. The defendant is considered as coming into a court of chancery on his equitable title, and there the condition of the parties at the time of the decree is regarded rather than at the commencement of the suit; and the verdict is in the nature of a special decree: Markley v. Swartzlander, 8 W. & S. 172; Devling v. Williamson, 9 Watts, 311; Cadwalader v. Berkheiser, 32 Pa. 43. The action of ejectment in such case is not founded on the contract, but rather on the legal title to the land still being in the plaintiff, who is not bound by his contract to part with it until he shall have received from the defendant the purchase money: Smith v. Webster, 2 Watts, 478. Indeed, in such a case, the deed may be tendered or filed at any time before execution on the judgment, unless otherwise provided in the judgment or decree: Hall v. Holmes, 4 Pa. 251. Where property is held by the estate over which a receiver is appointed, under a contract reserving the title until the purchase price shall be paid, the receiver takes the property in the same condition and subject to the rights of the vendor: 34 Cyc., 191, note 82.

By the pleadings a *prima facie* case in favor of the plaintiff is made out. There is no issue involved as to any material fact. Defendants admit that they are in possession of the property and have been operating the coal, but have not paid the remainder of the purchase money, and, apparently, they are not willing to do so now. This condition of affairs cannot be permitted to continue. Defendants must either pay the balance of the purchase money or surrender possession of the property: Young v. Pennsylvania, Monongahela & Southern R. R. Co., 48 Pa. Superior Ct. 49. Defendants cannot withhold both the land and the purchase money: Lauer v. Lee, 42 Pa. 165. As shown by the authorities cited, it is the condition of the parties at the time the decree is made, rather than at the commencement of the suit, that is to be given consideration; and whatever the misunderstandings, if any, that may have existed between the parties prior to the time this suit was brought, there has been no misunderstanding between them since that time, and is none now, because on the very day this suit was instituted plaintiff set forth in his pleadings: "The plaintiff brings this his action of ejectment against the said Laurel Run Fuel Company, a corporation, and Seymour Y. Warner, Receiver of the said Laurel Run Fuel Company, for the purpose of recovering from them either the balance of the consideration, with interest, due him as aforesaid, or the possession, use and occupancy of the said premises." Yet, in the light of that statement, for more than two years defendants have continued to hold possession of the property and to receive the benefits thereof, although refusing at all times to pay the balance of the purchase money, during all of which period defendants must have known that plaintiff was in position to make them a good title to the coal lands covered by the contract.

And now, Dec. 22, 1922, judgment is entered, on the pleadings, in favor of the plaintiff and against the defendants and the Victory Coal Mining Company, lessee of the defendants in actual possession of the property, for the premises described in the præcipe and writ, to be released upon the payment by the defendants to the plaintiff of the sum of $22,958.50, with interest

3 D. & C.

thereon from Nov. 1, 1920, on or before Jan. 22, 1923; plaintiff forthwith to file in the office of the prothonotary of this court the deed for said premises to the Laurel Run Fuel Company executed by the plaintiff and his wife on May 10, 1919, together with the required revenue stamps, which stamps shall be placed upon said deed, and said deed shall be delivered by the prothonotary to the Laurel Run Fuel Company, or to its receiver or his attorney, upon the payment by the defendants to the plaintiff, within the time above specified, of the said sum of $22,958.50, with interest thereon as aforesaid.

From Luke H. Frasher, Uniontown, Pa.