## Weaver v. Reinhart et al.

*Ejectment—Demurrer—Practice, C. P.—Pleading.*

In the absence of anything to the contrary in a rule of court or in the Acts of May 8, 1901, P. L. 142, and June 2, 1915, P. L. 887, a defendant in ejectment has a right to file a demurrer to plaintiff's statement, abstract of title and claim for mesne profits.

Rule to strike off demurrer and for judgment in favor of plaintiff and against defendants. C. P. Schuylkill Co., July T., 1926, No. 116.

J. O. Ulrich, for plaintiff and rule.

R. J. Graeff and D. J. Boyle, for defendants, contra.

Hicks, J., Feb. 6, 1928.—This is an action in ejectment which was so proceeded in that a judgment by default was entered against the defendants and

Weaver v. Reinhart et al.

in favor of the plaintiff on July 26, 1926, and which judgment was opened on Jan. 3, 1927. Subsequently, a claim for mesne profits was filed by the plaintiff, and thereafter, on Jan. 29, 1927, the defendants filed their demurrer to the plaintiff's declaration, abstract of title and claim for mesne profits. On Jan. 31, 1927, a motion was made by the plaintiff to strike off the demurrer for the reason that the filing of a demurrer is not provided for by rule of court or act of assembly in cases of ejectment. On May 2, 1927, the court, by Hon. H. O. Bechtel, P. J., in an opinion filed, discharged the rule to show cause why the demurrer should not be stricken off. On Jan. 16, 1928, a rule was granted upon the application of the plaintiff to show cause why the demurrer should not be stricken off and judgment entered in favor of the plaintiff for the premises described in the declaration and abstract of title, and also for the sum of $19,583.55, with interest from Jan. 17, 1927. Although there are nine reasons set out in the motion to strike off the demurrer, the real reason, restated frequently in different verbiage, is the lack of warrant in law for the filing of a demurrer in a case of ejectment. Upon the argument, counsel for the defendant contented himself with a reference to the former opinion of this court by Hon. H. O. Bechtel, P. J., rendered upon a like motion to strike off the demurrer in this case, while counsel for the plaintiff argued the same propositions advanced upon the former motion. However interesting a further discussion of this matter may be, and of whatever interest the individual opinion of the writer may be as to the matters still disputed, the conclusion is irresistible that the opinion of the court heretofore filed in this case, May 2, 1927, is conclusive not only upon the writer of this opinion but upon the parties in litigation. The former rule to strike off the demurrer having been discharged because, in the opinion of court, a demurrer as a pleading in this case is regular, the present rule must be discharged.

Whether the demurrer ought or ought not to be sustained in law was not within the scope of the arguments nor within the comprehension of the rule, which was a rule to strike off the demurrer because of lack of legal warrant for filing it. If the demurrer is not legally sufficient and its overruling indicated, such question must be decided in another argument and not upon a motion to strike off, such as was filed and argued in this case under the circumstance of an opinion already filed more than six months ago by this court discharging such rule.

The rule to show cause why the demurrer filed in this case should not be stricken off and judgment entered in favor of the plaintiff and against the defendants is discharged.

The opinion of Judge Bechtel referred to was as follows:

BECHTEL, P. J.—It is not necessary for the purposes of this opinion to recite the entire history of this case, which is quite lengthy. Suffice it to say that a judgment taken by plaintiff was opened by this court Jan. 3, 1927. Thereupon the defendant filed a demurrer setting forth numerous reasons why the plaintiff proceedings were illegal and not in accordance with practice relating to ejectment cases. Attorney for plaintiff, Jan. 31, 1927, moved to strike off the demurrer for the reason that the filing of a demurrer is not provided for by rule of court or act of assembly in cases of ejectment. This is the sole question now before us and the only one which we are deciding.

Counsel for plaintiff rests his contention upon the authority of Pew v. Minor, 216 Pa. 343. We do not think that this question was decided in that case.

Weaver v. Reinhart et al.

Counsel for defendant rely upon the case of McConologue v. Satowizch et al., 21 Dist. R. 845, and Jennings v. Maley, 261 Pa. 485, in each of which cases a demurrer was sustained, although the question as to the right to file the same was not specifically raised before the court.   Ejectment is a possessory action, and the method of procedure is governed by the Acts of May 8, 1901, P. L. 142, and June 2, 1915, P. L. 887.   These acts are silent as to the right of the defendant to file a demurrer.   We have been unable to find anything in the rules of court either forbidding or authorizing the filing of a demurrer in actions of ejectment.   In 19 Corpus Juris, 1128, art. 137, it is said: "Where a declaration or complaint is so defective that it fails to state facts sufficient to constitute a cause of action, a demurrer lies."

It also sets forth a number of other cases in which a demurrer is the proper remedy.   In 15 Cyc., 107, art. 2, it is also set forth that a demurrer is the proper remedy.   It would seem, therefore, that the right to file a demurrer in actions of ejectment has been recognized and approved by the best authorities on pleading and practice.   We are of opinion that defendant has the privilege of filing a demurrer in an ejectment case.   We are not deciding in this opinion anything as to the sufficiency of the demurrer filed or the right to raise the questions sought to be raised by it.

The rule to show cause why the demurrer filed in this case should not be stricken off and why judgment should not be entered in favor of the plaintiff and against the defendants is herewith discharged.

From M. M. Burke, Shenandoah, Pa.