## Burgess, Executor, *v.* Cleary et al., Appellants.

Argued September 27, 1943. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, KENWORTHEY and RENO, JJ. (STADTFELD, J. absent).

*Herman Toll,* for appellants.

*John F. Burgess,* for appellee.

OPINION BY BALDRIGE, J., November 10, 1943:

This appeal is from a judgment entered by the learned court below against the defendants on the pleadings in an ejectment case.

John F. Boyle died testate December 3, 1940. He named in his will John F. Burgess as executor and trustee, and title to him passed thereunder to the premises in dispute known as No. 4136 Manayunk Avenue, Philadelphia. Defendants in their answer averred that they obtained possession of these premises in October 1933 from Boyle under a verbal lease providing for a rental of $50.00 per month, and that they would receive a credit for lodging and boarding Boyle, leaving a net cash balance due monthly of $15.34, and that this rental arrangement continued until Boyle's death.

Defendants averred also that the premises are not now being used entirely by them, a portion being vacant, that the part they occupy has a rental value of

$15.00 per month and that they offered to pay plaintiff that amount which has been declined. Of course the defendants were not entitled to a credit for Boyle's lodging and boarding after his death. It is not alleged that they entered into a new lease, so that the only lease that remains in effect is the original one providing for payment of $50.00 per month which defendants do not contend has been paid. The defense that the lessees offered payment of the rent cannot prevail.

The second defense is that the plaintiff failed to comply with O.P.A. Regulations.

The defendants as tenants recognize that the legal title to the premises is in plaintiff, but claim the right of possession under the original lease until they can secure living quarters relying upon Maximum Rent Regulation No. 28, relating to restrictions of removal of tenants, as provided by part 1388.1806, 1942 Federal Register pages 4913, 4915; that plaintiff as required thereby should have notified the O.P.A. Office of the Philadelphia area of his instituting this action.

The regulations referred to provide in part that "So long as the tenant continues to pay rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations by action to evict, or to recover possession by exclusion from possession or otherwise."

It is apparent that the facts averred by defendants do not bring this case within the O.P.A. Regulations as the defendants failed to pay the rent in accordance with the lease so that notice was not required to the Federal Agency.

The appellants argue also that the Plaintiff's Declara-

tion was insufficient to support the judgment. We find no merit in that contention. The pleadings in this ejectment case warranted the entering of judgment for the plaintiffs and the court below acted within its authority in doing so. *Jennings v. Maley,* 261 Pa. 485, 104 A. 731.

Judgment affirmed.